1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

MISSION TRADING COMPANY, INC.,

Plaintiff,

Case No. 16-cv-01110-JST

8

9

v.

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

10

DAVID VINCENT LEWIS, et al.,

Defendants.

Re: ECF No. 29

11

12          Before the Court is Defendant David Vincent Lewis' Motion to Set Aside Default.  ECF

13   No. 29.  The Court will grant the motion.

14   **I.       BACKGROUND**

15          On March 4, 2016, Plaintiff Mission Trading Company, Inc. filed a Complaint against

16   Defendants David Vincent Lewis and Sandra Gallagher Lewis, asserting claims for false

17   advertising, trademark infringement, unjust enrichment, negligent interference with contractual

18   relations, intentional interference with prospective economic advantage, and unfair competition.

19   ECF No. 2.  The thrust of the Complaint alleges that "Defendants have used Amazon.com and

20   other websites to sell their own products using the [Mission Trading Company] trademarks and to

21   promote Defendant[s'] own company as a supplier of said [Mission Trading Company] trademark

22   products."  Id. ¶ 24.

23          On April 1, 2016, Defendant Sandra Lewis, proceeding pro se, filed an "Answer and

24   Counterclaim" to the Complaint.  ECF No. 8.  Defendant David Lewis, who contests being

25   properly served with the Complaint, ECF No. 29 at 10–11, did not answer the Complaint.  As a

26   result, on June 8, 2016, Plaintiff filed a Request for Entry of Default.  ECF No. 24.  The Clerk of

27   the Court entered default as to Defendant David Lewis on June 10, 2016.  ECF No. 25.

28          On June 20, 2016, an attorney appeared on behalf of both defendants.  ECF No. 26.  On

1    June 29, 2016, Defendant David Lewis filed a Motion to Vacate Default, ECF No. 29, which

2    motion the Court now considers.

3    **II.     LEGAL STANDARD**

4          Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of

5    default for good cause."  "[W]hile the same test applies for motions seeking relief from default

6    judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c)

7    context," as where no judgment has been entered, "there is no interest in the finality of the

8    judgment with which to contend."  United States v. Signed Pers. Check No. 730 of Yubran S.

9    Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

10         In assessing whether to set aside a default for good cause, a court looks to whether "(1) the

11   plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious

12   defense, or (3) the defendant's culpable conduct led to the default."  In re Hammer, 940 F.2d 524,

13   525–26 (9th Cir. 1991)).  As "[t]his tripartite test is disjunctive," a showing of any one of the three

14   prongs is enough to justify a refusal to set aside the default.  Id.  Nonetheless, the Ninth Circuit

15   has consistently emphasized that "judgment by default is a drastic step appropriate only in extreme

16   circumstances; a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739

17   F.2d 461, 463 (9th Cir. 1984).  "[W]here there has been *no* merits decision, appropriate exercise of

18   district court discretion under Rule 60(b) requires that the finality interest should give way fairly

19   readily, to further the competing interest in reaching the merits of a dispute."  TCI Grp. Life Ins.

20   Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

21   **III.    DISCUSSION**

22         **A.     Prejudice to Plaintiff**

23         "To be prejudicial, the setting aside of a judgment must result in greater harm than simply

24   delaying resolution of the case," as "being forced to litigate on the merits" is not considered

25   prejudice. TCI, 244 F.3d at 701.  Examples of prejudice that courts have concluded weigh against

26   the setting aside of a default include "tangible harm such as loss of evidence, increased difficulties

27   of discovery, or greater opportunity for fraud or collusion."  Id. (quoting Thompson v. Am. Home

28   Assur. Co., 95 F.3d 429, 433–34 (6th Cir. 1996)).  Plaintiff has identified no such prejudice that

United States District Court
Northern District of California

2

United States District Court
Northern District of California

would result from the Court's setting aside default.  See ECF No. 30 at 3 ("Based on the time and resources spent on litigating this case so far and Defendant's continuing to engage in conduct complained of in the complaint, Plaintiff continues to suffer monetary damage, loss of reputation and increasing liability for MTC from consumers based on Defendant's actions.").  This factor weighs in favor of vacating default.

### B.      Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI, 244 F.3d at 700.  Still, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Id.  Defendant raises several potential defenses in his Motion to Set Aside Default, including lack of personal jurisdiction and failure to state a claim. ECF No. 29 at 8–19.  At this stage, the Court need not determine definitively whether any of Defendant's defenses would be successful.  Rather, the Court asks only whether "some possibility exists that the outcome of the suit after a full trial would differ from the result reached by the default." Hutchings v. Snell & Co., LLC, No. 09-cv-4680-JCS, 2010 WL 1980165, at *4 (N.D. Cal. Apr. 23, 2010) report and recommendation adopted sub nom. Hutchins v. Snell & Co., LLC, No. 09-cv-04680-JSW, 2010 WL 1980162 (N.D. Cal. May 17, 2010) (citing Sokolsky v. Voss, No. 07-cv-00594, 2009 WL 2705741, at *3 (E.D. Cal. Aug. 25, 2009)).

The Court finds that Defendant has raised a potentially successful personal jurisdiction defense.  Although the Court declines to conduct a full-blown personal jurisdiction analysis at this stage, the Court notes that the first prong of the Ninth Circuit's three-prong specific personal jurisdiction test asks whether the defendant "purposefully directed" its activities at the forum or "purposefully availed" itself of the privilege of conducting activities in the forum. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  Defendant argues that this Court lacks personal jurisdiction over him because his online sales through Amazon.com were not expressly aimed at California. ECF No. 29 at 9.  Plaintiff offers essentially no substantive response beyond the conclusory assertion that Defendant "has deliberately initiated and maintained contact with California and purposefully availed himself of the benefits of the laws and privileges of California." ECF No. 30 at 10.  However, Plaintiff fails to identify any factual

allegations in the Complaint from which the Court could conclude that Defendant "purposefully directed" his conduct at California, as opposed to purposely directing his conduct at nationwide customers generally.  Schwarzenegger, 374 F.3d at 802.  Accordingly, the Court concludes Defendant has a potentially meritorious defense, which counsels in favor of vacating default.[1]

### C.    Defendant's Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."  TCI, 244 F.3d at 697.  However, the Ninth Circuit has cautioned that the definition of "intentional" in this context differs from that used in other areas of the law, such as tort law.  Id.  In the default context, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"  Mesle, 615 F.3d at 1092 (quoting TCI, 244 F.3d at 697).

Even assuming Defendant was properly served by Plaintiff—a contention that Defendant disputes, see ECF No. 29 at 9–10—Plaintiff fails to argue how Defendant "intentionally failed to answer" the Complaint in such a way that his conduct should be deemed "culpable."  ECF No. 30 at 4–8.  The Court declines to make such arguments for Plaintiff.  Accordingly, this factor also weighs in favor of vacating default.

Ultimately, because all three factors support vacating default, the Court grants Defendant's motion.[2]

---

[1] Plaintiff argues that "[t]he reality of the situation is that [Defendant's] wife, Sandra Gallagher Lewis [who is] also a Defendant in this action has already submitted to this Court's jurisdiction by filing an answer and counter-claim on April 1, 2016.  Thus, it would appear that the issue of jurisdiction is moot."  ECF No. 30 at 9.  Without expressing any opinion on the merits of Plaintiff's argument with respect to Defendant Sandra Lewis's purported waiver of a personal jurisdiction defense, the Court finds that even if Sandra Lewis waived a defense based on personal jurisdiction by filing an Answer, such waiver would not apply to Defendant Davis Lewis because he has not filed an Answer.  At the very least, Plaintiff has cited no authority to support such a contention.  Accordingly, the Court rejects this argument.

[2] The Court denies Plaintiff's request for attorneys' fees.  ECF No. 30 at 14–15.  While "reasonable conditions may be imposed in granting a motion to vacate a default judgment,"

United States District Court
Northern District of California

**CONCLUSION**

Defendant's Motion to Vacate Default is granted.  ECF No. 29.

IT IS SO ORDERED.

Dated:  August 15, 2016

_____
JON S. TIGAR
United States District Judge

---

Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988), the Court concludes that requiring Defendant to pay Plaintiff's attorneys' fees here would not be just, especially given that the Court has already concluded that it likely lacks personal jurisdiction over Defendant.

United States District Court
Northern District of California