UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION TRADING COMPANY, INC., <br> Plaintiff, <br> v. <br> DAVID VINCENT LEWIS, et al., <br> Defendants. | Case No. 16-cv-01110-JST <br><br> **ORDER GRANTING MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** <br><br> Re: ECF No. 14 |

Before the Court is Plaintiff Mission Trading Company, Inc.'s ("Mission Trading") Motion to Strike Defendant's Affirmative Defenses. ECF No. 14. The motion will be granted with leave to amend.

## I. BACKGROUND

This is a false advertising and trademark infringement suit involving Defendants' sale of products via Amazon.com. On March 4, 2016, Mission Trading filed a complaint against Defendants David Vincent Lewis and Sandra Gallagher Lewis, asserting claims for (1) false advertising and designation of origin; (2) trademark infringement; (3) unjust enrichment; (4) negligent interference with contractual relations; (5) intentional interference with prospective economic advantage; and (6) unfair competition. ECF No. 1. On April 1, 2016, Defendant Sandra Lewis, proceed pro se, filed an answer to the complaint on her behalf (but not on behalf of her husband, David Lewis). ECF No. 8. On April 26, 2016, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses and Counterclaims. ECF No. 14. Defendant failed to file an Opposition brief. See ECF No. 18.

## II. LEGAL STANDARD

### A. Motion to Strike Affirmative Defenses

Under Federal Rule of Civil Procedure 12(f), a district court may strike from the pleadings

"an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficiently pleaded if it fails to give a plaintiff "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Although the Ninth Circuit has not addressed whether the Twombly/Iqbal heightened pleading standard applies to motions to strike affirmative defenses, the Court agrees with the many judges in this district who have found that the Twombly/Iqbal standard applies. See, e.g., Hernandez v. County of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015) ("Most district courts in this circuit agree that the heightened pleading standard of *Twombly* and *Iqbal* . . . is now the correct standard to apply to affirmative defenses.") (internal quotation marks omitted); Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the Iqbal/Twombly pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8.").

Applying this heightened pleading standard requires a defendant to provide "some valid factual basis for pleading an affirmative defense" and allows a district court to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings." Barnes, 718 F. Supp. 2d at 1172 (internal quotation marks omitted). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." Hernandez, 306 F.R.D. at 284. If an affirmative defense is stricken, the court should freely grant leave to amend when doing so would not cause prejudice to the opposing party. Wyshak, 607 F.2d at 826.

### B. Motion to Dismiss Counterclaims

On a Rule 12(b)(6) motion to dismiss, the Court accepts the material facts alleged by the non-moving party together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F. 3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's

2

elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the party asserting a claim must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 687.

### III. DISCUSSION

#### A. Affirmative Defenses

Plaintiff moves to strike each of the affirmative defenses in Defendant Sandra Lewis' answer because the answer provides an insufficient factual basis for each of Defendant's affirmative defenses. ECF No. 14 at 5–8. Defendant has not offered any argument in response. See ECF No. 18. The Court agrees with Plaintiff and will therefore strike each of Defendant's affirmative defenses with leave to amend.

The answer pleads seven affirmative defenses: (1) assumption of risk; (2) contributory negligence; (3) duress; (4) estoppel; (5) failure of consideration; (6) fraud / unclean hands; and (7) illegality. ECF No. 8 at 3–9. After reviewing Defendant's pro se answer in its entirety, the Court is unable to determine to which, if any, claims in the complaint each of Defendant's affirmative defenses allegedly apply. Moreover, while each affirmative defense includes several paragraphs of factual allegations purportedly related to the affirmative defense in question, the Court cannot decipher the connection between Defendant's allegations and each of the asserted affirmative defenses.

For instance, Defendant's first affirmative defense is "assumption of risk." ECF No. 8 at 3. "This defense stands for the principle that one who takes on the risk of loss, injury, or damage cannot maintain an action against a party that causes the loss, injury, or damage." Quintana v. Baca, 233 F.R.D. 562, 566 (C.D. Cal. 2005) (quoting Black's Law Dictionary 134 (8th ed.2004)). Based on the answer, however, the Court cannot determine to which claims this affirmative defense might apply. More importantly, based on the allegations in the answer, it is impossible for the Court to determine who is alleged to have assumed what risk. Indeed, the factual allegations in Defendant's "assumption of risk" section appear to be entirely unrelated to any hypothetical

3

1  assumption of risk defense.  See id.  Accordingly, the Court strikes this defense because it fails to
2  put Plaintiff "on notice of the underlying factual bases of the defense."  Hernandez, 306 F.R.D. at
3  284.
4       Each of Defendant's other affirmative defenses suffer from the same or similar
5  deficiencies.  Accordingly, the Court grants Plaintiff's motion to strike each of Defendant's
6  affirmative defenses with leave to amend.

     **B.**    **Counterclaims**

Defendant's answer does not contain a separate "counterclaim" section.  However, contained within Defendant's prayer for relief is a request "[f]or a judgment that Plaintiff unlawfully interfered with Defendant's prospective economic advantage" and "[f]or intentional infliction of emotional distress."  ECF No. 8 at 9–10.  Plaintiff construes these as counterclaims and moves the Court to dismiss both counterclaims under Rule 12(b)(6). ECF No. 14 at 9–Defendant has not filed an Opposition brief.  See ECF No. 18.

To the extent that these statements in Defendant's answer can be construed as counterclaims at all, the Court agrees with Plaintiff that they fail to state a claim.  Defendant has set forth no facts related to her counterclaims.  See ECF No. 8 at 9–10.  As such, Defendant has failed to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Accordingly, the Court grants Plaintiff's motion to dismiss Defendant's counterclaims with leave to amend.

**CONCLUSION**

Plaintiff's motion to strike Defendant's affirmative defenses and motion to dismiss Defendant's counterclaims is granted with leave to amend.  Should Defendant choose to file an amended answer, the deadline to do so will be 30 days from the filing date of this order.

IT IS SO ORDERED.

Dated:  September 13, 2016

                                                          JON S. TIGAR
                                                   United States District Judge

United States District Court
Northern District of California