IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MISSION TRADING COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3368 |
| | § | |
| DAVID VINCENT LEWIS, et al., | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] is Plaintiff's Motion to Strike Defendant Sandra Lewis's Affirmative Defenses (Doc. 54) and Defendant Sandra Lewis and David Vincent Lewis's (collectively, "Defendants") Motion to Dismiss (Doc. 89). Defendants' earlier Motion to Dismiss (Doc. 42) is **DENIED AS MOOT**. The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff's motion to strike be **DENIED**.

## I. Case Background

On March 4, 2016, Plaintiff filed this action against Defendants in the Northern District of California bringing claims for false advertising and designation of origin, trademark infringement, unjust enrichment, negligent interference with

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 78, Ord. Dated Feb. 16, 2017.

contractual relations, intentional interference with prospective economic advantage, and unfair competition.[2] The case was transferred to the Southern District of Texas on November 14, 2016.[3]

## A.  **Factual Background**

The following factual account is derived from Plaintiff's first amended complaint.

Established in 1984, Plaintiff, a California corporation, is a well-known manufacturer and wholesaler of high-quality, after-market automotive parts.[4] Plaintiff possesses the exclusive federal and common law rights to the following trademarks for the sale of automotive parts: "MTC," "H.S," "Ronak," "Seerat," "Sameer," "Goldflex," and "Vollig."[5] Plaintiff markets its products utilizing these trademarks and maintains a program for quality control to ensure that its products are up to its standards.[6]

Defendants live in Harris County, Texas, and sell products, including o-rings, through websites such as Amazon.com ("Amazon")

---

[2]     See Doc. 2, Pl.'s Compl.

[3]     See Doc. 56, Ord. Granting Mot. to Transfer.

[4]     See Doc. 88, Pl.'s 1st Am. Compl. pp. 2-4.

[5]     See id. p. 4.

[6]     See id.

under the name "Professor Foam."[7] Plaintiff alleges that Defendants utilized its trademarks, UPC codes, name, and images to sell products that were not Plaintiff's, and that Defendants acted in a similar manner towards other sellers.[8] On Amazon and other websites, Defendants utilized Plaintiff's trademarks on their own products, represented that they were a supplier of Plaintiff's products, and sold products under Plaintiff's trademarks for lower prices than Plaintiff.[9] Defendants also sold their products under other popular brand names and sold counterfeit goods.[10] One product that Plaintiff specifically alleges that Defendants infringed upon was a synthetic rubber o-ring kit sold on Amazon under the Amazon Standard Identification Number ("ASIN") number B00BBNHGMA with a Universal Product Code ("UPC code") of 8492900000075.[11]

B. **Procedural Background**

Plaintiff filed its complaint on March 4, 2016.[12] Defendant Sandra Lewis appeared pro se and filed an answer and counterclaims on April 1, 2016.[13] Plaintiff subsequently filed a motion to strike

---

[7]     See id. p. 2.

[8]     See id. pp. 6-8.

[9]     See id. p. 5.

[10]     See id.

[11]     See id.

[12]     See Doc. 2, Pl.'s Compl.

[13]     See Doc. 8, Def. Sandra Lewis's Ans. & Counterclaim.

3

the affirmative defenses and counterclaims, which was granted on September 13, 2016.[14]

Upon request by Plaintiff, the Clerk entered default against Defendant David Vincent Lewis on June 10, 2016, after he failed to file an answer.[15] After securing an attorney on June 20, 2016, Defendant David Vincent Lewis filed a motion to set aside the default.[16] The court granted this motion, finding that: (1) Plaintiff did not demonstrate that it would be prejudiced from vacating the default; (2) that Defendant David Vincent Lewis had raised potentially meritorious defenses, including lack of personal jurisdiction; and (3) Plaintiff did not show how Defendant David Vincent Lewis had engaged in culpable conduct to avoid answering the suit.[17]

After the motion to strike was granted, Defendant Sandra Lewis filed a new answer, and Defendants also filed counterclaims on October 7, 2016.[18] Plaintiff subsequently filed the motions to strike the answer and counterclaims.[19] On July 27, 2017, the court

---

[14]   See Doc. 14, Pl.'s Mot. to Strike; Doc. 47, Ord. Granting Mot. to Strike.

[15]   See Doc. 24, Pl.'s Mot. for Default; Doc. 25, Clerk's Entry of Default.

[16]   See Doc. 26, Not. of Appearance by Defs.' Att'y; Doc. 29, Def. David Vincent Lewis's Mot. to Set Aside Default.

[17]   See Doc. 36, Ord. Granting Mot. to Set Aside Default.

[18]   See Doc. 48, Def. Sandra Lewis's Ans.; Doc. 49, Defs.' Counterclaims.

[19]   See Doc. 54, Pl.'s Mot. to Strike Ans.; Doc. 55, Pl.'s Mot. to Strike Counterclaims.

granted Defendants leave to file their counterclaims under Texas law, thereby rendering the motion to strike the counterclaims moot.

Defendant David Vincent Lewis filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.[20] Defendant David Vincent Lewis requested, alternatively, that the case be transferred to Texas because Defendants were residents of Harris County, Texas.[21] Without reaching the merits of the motion to dismiss for failure to state a claim, the court found that there was no personal jurisdiction over Defendant David Vincent Lewis and decided, in the interests of justice, to transfer the entire case to the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).[22]

Plaintiff alleges the following claims in its first amended complaint: (1) trademark infringement under Texas Business and Commerce Code § 16.012; (2) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); (3) unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (4) common law trademark infringement; (5) unjust enrichment; (6) common law unfair competition; (7) negligent interference with contractual relations; (8) intentional interference with prospective economic advantage;

---

[20]   See Doc. 42, Def. David Vincent Lewis's Mot. to Dismiss.

[21]   See id. p. 1.

[22]   See Doc. 56, Ord. Granting Mot. to Transfer pp. 1, 9-10.

and (9) misappropriation.[23] Defendants filed the pending motion to dismiss on May 19, 2017, thereby rendering its earlier motion to dismiss moot.[24] Plaintiff subsequently filed a response, and Defendants replied.[25]

## II. Legal Standards

### A. Motion to Strike

In a Rule 12(f) motion, the court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pr. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982).

Traditionally, "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999)(citing Conley v. Gibson, 355 U.S. 41 (1957)). At the time Woodfield was decided, the standard for pleadings in the complaint was "fair notice." Conley v. Gibson, 355 U.S. 41, 47 (1957). After Woodfield, the Supreme Court heightened the standard for pleadings to require "enough facts to state a claim for relief that is plausible on its face" to

---

[23]    See Doc. 88, Pl.'s 1st Am. Compl.

[24]    See Doc. 89, Defs.' 2d Mot. to Dismiss.

[25]    See Doc. 90, Pl.'s Resp. to Defs.' Mot. to Dismiss; Doc. 91, Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss.

6

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The plausibility standard does not require "detailed factual allegations," but it must indicate the plausibility of the claims asserted and raise the "right to relief above speculative level." Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

District courts are divided about whether the fair notice or the Twombly and Iqbal standard applies. See, e.g., United States ex rel. Parikh v. Citizens Med. Ctr., 302 F.R.D. 416, 418 (S.D. Tex. 2014), United States v. Brink, Civil Action No. C-10-243, 2011 WL 835828, at *3 (S.D. Tex. Mar. 4, 2011)(unpublished); Herrera v. Utilimap Corp., Civil Action No. H-11-3851, 2012 WL 3527065, at *2 (S.D. Tex. Aug. 14, 2012)(unpublished); E.E.O.C. v. Courtesy Building Servs., Inc., Civil Action No. 3:10-CV-1911-D, 2011 WL 2080408, at *2 (N.D. Tex. Jan. 21, 2011)(unpublished); Joe Hand Promotions, Inc. v. HRA Zone, L.L.C., Civil Action No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013)(unpublished). However, in Parikh, the court cited the following three compelling reasons to utilize the fair notice standard: (1) plaintiffs have more time to prepare their complaints while defendants have twenty-one days to serve an answer; (2) "the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity affirmative defenses;" (3) and

motions to strike "only prolong pre-discovery motion practice; as such, raising the standard for pleading affirmative defenses would only encourage more motions to strike." <u>Parikh</u>, 302 F.R.D. at 418 (citing <u>Floridia v. DLT 3 Girls, Inc.</u>, Civil Action No. 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. Mar. 20, 2012)(unpublished)).

**B.** **<u>Motion to Dismiss</u>**

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 546 (5th Cir. 2010).

When reviewing a Rule 12(b)(6) motion, the court must be mindful that a complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555.

## III. Analysis

### A. <u>Motion to Strike</u>

Plaintiff filed the motion to strike the answer to the affirmative defenses on November 1, 2016, asserting that Defendants' affirmative defenses were insufficiently pled. The court finds that, whether the <u>Twombly</u> and <u>Iqbal</u> or fair notice standard applies, Defendants' affirmative defenses were adequately pled, and therefore, Plaintiff's motion to strike should be denied.

### B. <u>Motion to Dismiss</u>

#### 1. Judicial Notice

To their motion to dismiss, Defendants attach numerous exhibits and request that the court take judicial notice of their contents.[26] Judicial notice is proper for a fact that is "not

---

[26] The exhibits include the transcript from the court's February 24, 2017 scheduling conference, pages from the Amazon.com website, search results from the USPTO office, Google searches, and online forum discussions about Plaintiff's products.

subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b). In support of their request, Defendants cite cases from the Ninth Circuit and Delaware. The court finds that these cases do not support Defendants' request for the court to take judicial notice of the evidence they submitted in support of their motion to dismiss.

Additionally, "[i]n considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff . . . [and] the court may not look beyond the pleadings in ruling on the motion."[27] <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996)(citing <u>McCartney v. First City Bank</u>, 970 F.2d 45, 47 (5th Cir. 1992)). Therefore, the court will not take judicial notice of, or consider, Defendants' evidence in ruling on the motion to dismiss.

## 2. Trademark Infringement and Unfair Competition

---

[27] In <u>Scanlan v. Texas A&M University</u>, 343 F.3d 533, 536 (5th Cir. 2003), the Fifth Circuit discussed a limited exception to this rule first recognized in <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000). In <u>Collins</u>, the Fifth Circuit allowed the consideration of outside documents attached to a motion to dismiss "that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." 224 F.3d at 498-99 (5th Cir. 2000). The court does not find this exception applicable in this case as none of the exhibits attached to Defendants' motion to dismiss are mentioned in Plaintiff's complaint.

Plaintiff alleges claims for: (1) trademark infringement under Texas Business and Commerce Code § 16.102; (2) trademark infringement under 15 U.S.C. § 1114; (3) trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a); and (4) common law trademark infringement.

"To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion." Am. Rice, Inc. v. Producers Rice Mill, Inc., 518 F.3d 321, 329 (5th Cir. 2008)(citations omitted). Infringement occurs when someone "uses (1) any reproduction, counterfeit, copy[,], or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with a sale, offering for sale, distribution[,] or advertising of any goods; (5) where such use is likely to cause confusion, or cause mistake or to deceive." Id. (alterations in original)(quoting Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc., 510 F.2d 1004, 1009-10 (5th Cir. 1975)).

The Fifth Circuit looks at the following eight factors in determining likelihood of confusion: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." Id. In analyzing these

factors, not all or even a majority need to be present in order to find a likelihood of confusion.  <u>Id.</u>  Likelihood of confusion is a question of fact.  <u>Id.</u> at 328.

Courts have held that a showing of the likelihood of confusion for trademark infringement under federal law will also support claims for trademark infringement under Texas law, unfair competition under common law, and unfair competition and false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act. <u>See</u> <u>Choice Hotels Int'l, Inc. v. Patel</u>, 940 F. Supp.2d 532, 538-39 (S.D. Tex. 2013)(finding that "the Court must only conduct one inquiry to determine [the defendants'] liability because, as the parties appear to agree, the facts that support an action for trademark infringement under the Lanham Act also support the other three actions" for false designation of origin under 15 U.S.C. § 1125(a), trademark infringement under Texas common law, and unfair competition under Texas common law); <u>Philip Morris USA Inc. v. Lee</u>, 547 F. Supp.2d 667, 674 (W.D. Tex.2008)("The elements of [federal] trademark infringement and false designation of origin are identical, and the same evidence will establish both claims." (citations omitted)); <u>Dallas Cowboys Football Club, Ltd. v. Am.'s Team Props., Inc.</u>, 616 F. Supp.2d 622, 637 (N.D. Tex.2009)("A determination of a likelihood of confusion under federal law is sufficient to prove trademark infringement under Texas law.  It is also sufficient to prove unfair competition under the common law

and under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.") (citations omitted); <u>Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.</u>, 53 S.W.3d 799, 806 n.3 (Tex. App.-Austin 2001, pet. denied)("A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'")(quoting <u>Zapata Corp. v. Zapata Trading Int'l, Inc.</u>, 841 S.W.2d 45, 47 (Tex. App.-Houston [14th Dist.] 1992, no writ)). Therefore, the court will analyze these claims together.

Under Texas Business and Commerce Code § 16.102, a trademark must be registered in order to maintain a cause of action. Tex. Bus. & Comm. Code § 16.102 ("a person commits an infringement if the person: without the registrant's consent, uses anywhere in this state a reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter . . ."); <u>see also</u> <u>Vesta Corp. v. Vesta Mgmt. Servs., LLC</u>, Civil Action No. H-15-719, 2016 WL 8710440, at *14 (S.D. Tex. Sept. 30, 2016)(unpublished)(granting summary judgment on a trademark claim brought under Texas Business and Commerce Code § 16.102 because the trademark was registered federally, but not registered in Texas). Nowhere in Plaintiff's first amended complaint does it allege that its trademarks are registered under Texas law. Therefore, Plaintiff's claim under Texas Business and Commerce Code § 16.102 fails as a matter of law.

In its first amended complaint, Plaintiff alleges that it has common law and federal trademark rights to the following marks: "MTC," "H.S," "Ronak," "Seerat," "Sameer," "Goldflex," and "Vollig."[28] Plaintiff alleges that its trademarks were used in commerce by Defendants to sell their own products on Amazon and other websites, and that this resulted in damages to Plaintiff. Defendants argue that Plaintiff does not allege how Defendants' mark, "Professor Foam," is likely to be confused with Plaintiff's trademark. However, Plaintiff is not referring to Defendants' "Professor Foam" mark; rather, Plaintiff alleges that Defendants used Plaintiff's own trademarks to sell Defendants' products. Plaintiff argues that the utilization of Plaintiff's marks by Defendants was likely to cause confusion between Defendants and Plaintiff's products. The court finds that these allegations are enough to survive Defendants' motion to dismiss on Plaintiff's federal and common law claims for trademark infringement, false designation of origin, and unfair competition.

### 3. Fair Use

Defendants contend that any use of Plaintiff's marks was fair use. Courts have applied the fair-use defense in the context of claims under 15 U.S.C. § 1125(a). See <u>Sugar Busters LLC v. Brennan</u>, 177 F.3d 258, 270 (5th Cir. 1999). Fair use is an affirmative defense and "allows a party to use a term in good faith

---

[28]    <u>See</u> Doc. 88, Pl.'s 1st Am. Compl. p. 13.

to describe its goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense." <u>Id.</u> at 270-71; 15 U.S.C. § 1115(b)(4). The fair-use defense is not applicable if "a term is used as a mark to identify the markholder's goods or services." <u>Sugar Busters</u>, 177 F.3d at 271.

Here, the court finds that the applicability of the fair-use defense is better saved for a motion for summary judgment when the court has access to more evidence than Plaintiff's complaint to consider. Therefore, Defendants' motion to dismiss on this basis is premature and denied at this time.

**4. Unjust Enrichment**

Texas courts are divided on whether unjust enrichment is a separate cause of action, but "[m]ost of the Texas courts of appeals and federal courts that have considered the question under Texas law have rejected the existence of an independent cause of action for unjust enrichment." David Dittfurth, <u>Restitution in Texas: Civil Liability for Unjust Enrichment</u>, 54 S. Tex. L.Rev. 225, 238 (2012). The Texas Supreme Court has yet to directly rule on whether unjust enrichment is an independent cause of action under Texas law. <u>See Davis v. OneWest Bank, N.A.</u>, No. 02-14-00264-CV, 2015 WL 1623541, at *1 (Tex. App.-Fort Worth, Apr. 9, 2015, pet. denied).

Some appellate courts have held that unjust enrichment is not

an independent cause of action, stating that it instead "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." Id. at *1 (quoting Argyle ISD ex rel. Bd. of Trustees v. Wolf, 234 S.W.3d 229, 246 (Tex. App.–Fort Worth 2007, no pet.)); see also Doss v. Homecomings Fin. Network, Inc., 210 S.W.3d 706, 709 n.4 (Tex. App.–Corpus Christi 2006, pet. denied)(quoting City of Corpus Christi v. Heldenfels Bros., 802 S.W.2d 35, 40 (Tex. App.–Corpus Christi 1990), aff'd 832 S.W.2d 39 (Tex. 1992)); Walker v. Cotter Properties, Inc., 181 S.W.3d 895, 900 (Tex. App.–Dallas 2006, no pet.).

However, in Pepi Corp. v. Galliford, 254 S.W.3d 457, 460 (Tex. App.–Houston [1st Dist] 2007, pet. denied), the First Court of Appeals held that "[u]njust enrichment is an independent cause of action," citing HECI Expl. Co. v. Neel, 982 S.W.2d 881, 891 (Tex. 1998), in which the Texas Supreme Court stated that "[w]e have recognized that, in some circumstances a royalty owner had a cause of action against its lessee based on unjust enrichment, but only when the lessee profited *at the royalty owner's expense*."

This court has agreed with the view that unjust enrichment is not an independent cause of action. See, e.g., Applin v. Deutsche Bank Nat. Trust, No. H-13-2831, 2014 WL 1024006, at *7 (S.D. Tex. Mar. 17, 2014)(unpublished)(quoting Doss and holding that unjust

enrichment is not an independent cause of action); <u>Schouest v. Medtronic, Inc.</u>, 92 F. Supp.3d 606, 614 (S.D. Tex. 2015)(holding that "because unjust enrichment is not a stand-alone claim, and there are no remaining claims upon which it can be based, the claim must be dismissed."). The court is persuaded by this view that unjust enrichment is not a separate cause of action under Texas law. Therefore, Plaintiff's claim for unjust enrichment should be dismissed.

### 5. Tortious Interference

Under Texas law, there are "two types of tortious-interference claims: one based on interference with an existing contract and one based on interference with a prospective business relationship." <u>El Paso Healthcare Sys., Ltd. v. Murphy</u>, 518 S.W.3d 412, 421 (Tex. 2017)(citing <u>Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.</u>, 29 S.W.3d 74, 78 (Tex. 2000)). In its first amended complaint, Plaintiff alleges claims for negligent interference with contractual relations and intentional interference with prospective economic advantage.

The elements of tortious interference with contract are: (1) the existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act was a proximate cause of the plaintiff's damage; and (4) actual damage or loss occurred. <u>Holloway v. Skinner</u>, 898 S.W.2d 793, 795-96 (Tex. 1995)(citations omitted).

Because this cause of action requires that the interference be willful or intentional, Plaintiff's claim for negligent interference with contractual relations should be dismissed. See id.; Dick Meyers Towing Serv., Inc. v. United States, 577 F.2d 1023, 1025 (5th Cir. 1978).

As to Plaintiff's claim for "intentional interference with economic advantage," the court characterizes this as a claim for intentional interference with business relationships, a claim recognized under Texas law. The elements of an interference with business relationships claim are: "(1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." Dunham Eng'g, Inc. v. Sherwin-Williams Co., 404 S.W.3d 785, 797 n.7 (Tex. App.–Houston [14th Dist.] 2013, no pet.)(quoting Baty v. ProTech Ins. Agency, 63 S.W.3d 841, 860 (Tex. App.–Houston [14th Dist.] 2001, pets. denied); see also Alliantgroup, L.P. v. Feingold, 803 F. Supp.2d 610, 629 (S.D. Tex. 2011);

In Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 726 (Tex.

2001), the Texas Supreme Court further explained the element of an independently tortious or unlawful act, stating:

> We therefore hold that to recover for tortious interference with a prospective business relation a plaintiff must prove that the defendant's conduct was independently tortious or wrongful. By independently tortious we do not mean that the plaintiff must be able to prove an independent tort. Rather, we mean only that the plaintiff must prove that the defendant's conduct would be actionable under a recognized tort.

In its amended complaint, Plaintiff alleges that Defendants interfered with its business relationships with the automative community that it had developed over the prior thirty years. The independently tortious or wrongful act Plaintiff alleges is that Defendants "solicit[ed] customers through unlawful means" which included "misleading persons into believing that [Defendants] were somehow affiliated with [Plaintiff]."[29] Plaintiff states that Defendants knew about these relationships acted intentionally to interfere with them, which resulted in injury to Plaintiff. As Plaintiff has alleged facts supporting the elements of an intentional interference with business relationships claim, Defendants' motion to dismiss on this claim must be denied.

## 6. Misappropriation

Plaintiff alleges that Defendants' acts "constitute misappropriation in violation of common law, because Defendants have gained a special advantage because they were not burdened with

---

[29]     See Doc. 88, Pl.'s 1st Am. Compl. p. 13.

the expenses incurred by [Plaintiff], who has developed recognition, goodwill, and intellectual property rights through significant expense and labor."[30]   In Plaintiff's first amended complaint, it alleges that Defendants utilized "[Plaintiff's] trademarks, UPC codes, authorized images, descriptions and generate listings held by [Plaintiff] to sell [products that aren't Plaintiff's]."[31]

Plaintiff does not specify what type of misappropriation claim it is bringing.  The elements of misappropriation of a trade secret are: (1) a trade secret existed; (2) the trade secret was acquired through a breach of a confidential relationship or was discovered by improper means; (3) the defendant used the trade secret without the plaintiff's authorization; and (4) the plaintiff suffered damages as a result.  <u>Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.</u>, 300 S.W.3d 348, 366-67 (Tex. App.–Dallas 2009, pet. denied)(citing <u>Trilogy Software, Inc. v. Callidus Software, Inc.</u>, 143 S.W.3d 452, 463 (Tex. App.–Austin 2004, pet. denied)).  However, nowhere in Plaintiff's complaint does it allege that it had trade secrets or that Defendants infringed upon any trade secrets.

Texas law also recognizes a cause of action for misappropriation by unfair competition.  <u>Stutts v. Texas Saltwater</u>

---

[30]   <u>See</u> <u>id.</u> p. 14.

[31]   <u>See</u> <u>id.</u> p. 6.

<u>Fishing Magazine, Inc.</u>, No 6:13-CV-10, 2014 WL 1572736, at *7 (S.D. Tex. Apr. 18, 2014)(unpublished)("'Within the broad scope of unfair competition are [] independent causes of action' including, among others, misappropriation."). The elements for this cause of action include: "(1) the creation of plaintiff's product through extensive time, labor, skill, and money; (2) the defendant's use of the product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff; and (3) commercial damage to the plaintiff." <u>Dresser-Rand Co. v. Virtual Automation Inc.</u>, 361 F.3d 831, 839 (5th Cir. 2004)(quoting <u>United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.</u>, 865 S.W.2d 214, 2128 (Tex. App-Waco 1993, pet. denied); <u>see also</u> <u>Orthoflex v. ThermoTek, Inc.</u>, 986 F. Supp.2d 776, 784 (N.D. Tex. 2013).

In its first amended complaint, Plaintiff alleges that it expended money and labor to develop its brand and products. The allegations also include that Defendants used Plaintiff's UPC codes, trademarks, authorized images, and product descriptions to give the impression that they were Plaintiff's products. Finally, Plaintiff alleges that it has been damaged by Defendants' activities. The court finds that these facts provide support for the elements of a unfair competition by misappropriation claim under Texas law, and therefore, Defendants' motion to dismiss

should be denied.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants'
motion to dismiss be **GRANTED IN PART AND DENIED IN PART** and that
Plaintiff's motion to strike be **DENIED**.  The court **RECOMMENDS** that
Plaintiff's claims for trademark infringement under Texas Business
and Commerce Code § 16.102, unjust enrichment, and negligent
interference with contractual relations be **DISMISSED**.

The Clerk shall send copies of this Memorandum and
Recommendation to the respective parties who have fourteen days
from the receipt thereof to file written objections thereto
pursuant to Federal Rule of Civil Procedure 72(b) and General Order
2002-13.  Failure to file written objections within the time period
mentioned shall bar an aggrieved party from attacking the factual
findings and legal conclusions on appeal.

The original of any written objections shall be filed with the
United States District Clerk electronically.  Copies of such
objections shall be mailed to opposing parties and to the chambers
of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of July, 2017.

_____
U.S. MAGISTRATE JUDGE