UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MISSION TRADING COMPANY, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-16-3368 |
| § | |
| DAVID VINCENT LEWIS, *et al.*, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 95. The Magistrate Judge considered defendants Sandra Lewis and David Vincent Lewis's (collectively, "Lewises") motion to dismiss (Dkt. 89) and plaintiff Mission Trading Company's ("MTC") motion to strike (Dkt. 54). *Id.* The Lewises timely objected to the M&R. Dkt. 96. MTC did not object. Having considered the M&R, the motions, the Lewises' objections, and other relevant materials in the record, the court is of the opinion that the Lewises' objections should be OVERRULED and that the M&R should be ADOPTED IN FULL.

**I. BACKGROUND**

In MTC's first amended complaint, MTC makes claims for: (1) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); (2) unfair competition and false designation under 15 U.S.C. § 1125(a); (3) trademark infringement under Texas Business and Commerce Code § 16.012; (4) common law trademark infringement; (5) common law unfair competition; (6) unjust enrichment; (7) negligent interference with contractual relations; (8) intentional interference with prospective economic advantage; and (9) misappropriation. Dkt. 88. The court accepts MTC's allegations as

true for the purposes of the instant motion. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Those allegations are as follows:

MTC manufactures and sells aftermarket automotive parts throughout the United States and the world. *Id.* ¶ 8. To further its business, MTC possesses federal and common law rights to the following trademarks for the sale of automotive parts: "MTC," "H.S," "Ronak," "Seerat," "Sameer," "Goldflex," and "Vollig." *Id.* ¶ 11. MTC continuously and exclusively uses these trademarks to market and promote its products, including its o-rings. *Id.* ¶¶ 12, 15. Due to its continuous and exclusive use of trademarks, customers associate the trademarks with MTC and its goods and services. *Id.* ¶ 18. As a result, MTC has developed significant goodwill and a high reputation for quality. *Id.* ¶¶ 16, 18.

The Lewises compete with MTC and sell products (including o-rings) through websites such as Amazon.com ("Amazon"). *Id.* ¶¶ 19, 21. The Lewises sell products under the name "Professor Foam." *Id.* ¶¶ 3, 4. To confuse customers, the Lewises utilize MTC's trademarks, Universal Product Codes ("UPC"), name, and images to sell products that are not affiliated with MTC. *Id.* ¶ 33. On Amazon and other websites, the Lewises use MTC's trademarks to sell Professor Foam products at lower prices than MTC. *Id.* ¶ 21. They also market Professor Foam as a supplier of MTC-trademarked products. *Id.* Specifically, MTC alleges that the Lewises infringe on its right by selling o-rings using MTC trademarks to coattail on its brand. *Id.* ¶¶ 32, 33. MTC also manufactures an o-ring kit under the Amazon Standard Identification Number B00BBNHGMA with a UPC of 8492900000075. *Id.* ¶ 32.

MTC filed its complaint on March 4, 2016, in the Northern District of California. Dkt. 2. The case was transferred to the Southern District of Texas on November 14, 2016. Dkt. 56. The

Lewises now move to dismiss the claims in MTC's first amended complaint. Dkt. 89. Additionally, MTC moves to strike the affirmative defenses in Sandra Lewis's answer. Dkt. 54.

Judge Johnson's M&R recommends denying MTC's motion to strike. Dkt. 95 at 9. MTC does not object and the court adopts the recommendation as there is no clear error on the face of the record. Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Judge Johnson also recommends granting the Lewises' motion to dismiss in part and denying it in part. *Id.* at 22. Specifically, Judge Johnson recommends the following claims be dismissed: (1) trademark infringement under Texas Business and Commerce Code § 16.012; (2) unjust enrichment; and (3) negligent interference with contractual relations. *Id.* at 10–22. Judge Johnson recommends denying the motion with regards to the Lewises' claims for: (1) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); (2) unfair competition and false designation under 15 U.S.C. § 1125(a); (3) common law claim trademark infringement (4) common law unfair competition; (5) intentional interference with business relationships; and (6) unfair competition by misappropriation. *Id.* The Lewises timely objected to Judge Johnson's recommendation. Dkt. 96.

## II. Legal Standard

### A.  Magistrate Judge

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### B. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to

decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

**III. OBJECTIONS**

The Lewises object that: (1) Judge Johnson should have taken judicial notice of the facts contained in the exhibits attached to the motion (Dkt. 89-2, Exs. 1–15); (2) the federal and common law trademark infringement claims should be dismissed; (3) there is no factual or legal support that the Lewises counterfeited any MTC mark or product; (4) the intentional interference with business relationships claim should be dismissed; and (5) the misappropriation claim should be dismissed. Dkt. 96. The court will consider each objection in turn.

**A. Judicial Notice**

The Lewises attached a request for judicial notice to their motion to dismiss. Dkt. 89-2. The Lewises asked the Magistrate Judge to take judicial notice of fifteen exhibits that span nearly ninety pages. *Id.* Judge Johnson denied that request. Dkt. 95 at 10. The Lewises argue that the court must take judicial notice because they made such a request with the necessary information, and because MTC's complaint referenced the documents. Dkt. 96 at 8–12.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Regardless of whether MTC's complaint referenced the documents, the court may only take judicial notice of a fact that is "not subject to reasonable dispute." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (quoting Fed. R. Evid. 201). The facts that span the fifteen exhibits are subject to reasonable dispute. Dkt. 89-2, Exs. 1–15.

5

The Lewises argue that the exhibits demonstrate that MTC does not have any trademarks that apply to o-rings. Dkt. 96 at 10. However, none of the exhibits provide the necessary information to make that fact one that is not subject to reasonable dispute. While the Lewises include some exhibits from the United States Patent and Trademark Office (Dkt. 89-2, Exs. 5–12), none of these exhibits provides indisputable facts that the trademarks do not cover o-rings. The Lewises also argue that the exhibits demonstrate that MTC products are not known for their high quality. *Id.* at 11. Once again, that fact is subject to reasonable dispute. Further, the sources of the exhibits—online chat forums and Google search results (Dkt. 89-2, Exs. 13–14)—are sources whose accuracy can reasonably be questioned.

The Lewises also requested that Judge Johnson take judicial notice of Amazon's policies. Dkt. 89-2, Exs. 3–4. Even if the court finds that those policies can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned, courts may not take judicial notice of irrelevant facts. *See Pinson v. Santana*, No. 3:13-CV-2098-D, 2015 WL 1000914, at *2 (N.D. Tex. Mar. 6, 2015). The Lewises fail to demonstrate how Amazon policies are relevant to MTC's failure to state a claim.

Finally, the Lewises requested that Judge Johnson take judicial notice of the transcript of a hearing before the court. Dkt. 89-2, Ex. 1. The court is already aware of the proceedings that have taken place in the case, and does not need to take judicial notice thereof. *See S. Farm Bureau Life Ins. Co. v. Lusk*, No. 4:13-CV-847, 2014 WL 897812, at *8 (S.D. Tex. Mar. 6, 2014) (Harmon, J.). Thus, the Lewises' objection is OVERRULED.

### B. Infringement Claims

The Lewises argue that the trademark infringement claims should be dismissed because MTC cannot meet the threshold element of an infringement claim—that it owns a protectable mark. Dkt.

6

96 at 13. According to the Lewises, MTC cannot satisfy the elements of an infringement claim and lack standing to assert such a claim. *Id.* at 12–17. The court disagrees.

"To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable . . . . To be protectable, a mark must be distinctive, either inherently or by achieving secondary meaning in the mind of the public." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). The Lewises argue that MTC fails to plead that MTC owns a mark applicable to o-rings. Dkt. 96 at 13. However, MTC alleges that it possesses "both common law and federal trademark rights to multiple marks . . . including . . . 'MTC', 'H.S', 'Ronak', 'Seerat', 'Sameer', 'Goldflex' and 'Vollig'." Dkt. 88 ¶ 11. Further, MTC claims that it "continuously and exclusively used its trademarks throughout the United States for many years in connection with automotive goods and services," and that "[t]he MTC trademarks have become associated in the minds of the public with MTC and its goods and services." *Id.* ¶¶ 12, 18. MTC claims that it used its trademarks to "perform[] substantial marketing and promotion," which led to "widespread public recognition in the aftermarket product arena." *Id.* ¶¶ 14, 15. MTC specifically states that the "substantial marketing and promotion" applies to o-rings. *Id.* ¶ 15. Thus, MTC pleads facts to establish that its trademarks have developed a secondary meaning in the mind of the public—one of association with its products, specifically o-rings.

The Lewises also argue that MTC fails to allege sufficient facts to establish a common law trademark because it did not use the trademarks in connection with an established business or trade. Dkt. 96 at 13. "A trademark . . . is part of the accumulated goodwill of an established business, and the right to a particular mark derives from its use in connection with an established business or trade." *Sheila's Shine Prods., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973). MTC claims that it used its trademarks for marketing and promotion of its products, specifically o-rings.

7

Dkt. 88 ¶¶ 14, 15. Further, MTC claims that it implemented "a remarkable quality control program" and "developed significant goodwill" through its trademark use. *Id.* ¶¶ 17, 18. Thus, MTC pleads facts to show that it used its marks as a part of its business, which allowed it to accumulate goodwill. *See id.* ¶¶ 14, 15, 17, 18.

MTC pleads sufficient facts to show that it owns a protectable mark under federal and common law. Thus, the Lewises' objection is OVERRULED.

### C. Counterfeit of MTC Mark or Product

The Lewises object that there is no factual or legal support that Professor Foam counterfeited any MTC mark or product. Dkt. 96 at 17. In particular, they argue that because o-rings are extremely common and generic, the products cannot meet the definition of "counterfeit." *Id.* However, the Lewises mischaracterize the nature of MTC's assertions. MTC alleges that the Lewises use its trademarks, UPC codes, images, and descriptions to sell non-MTC products. Dkt. 88 ¶ 33. In short, MTC alleges that the marks used by Professor Foam are counterfeited because they are attached to non-MTC products. *See id.* Applying the definition of counterfeit provided by the Lewises, to counterfeit means to imitate something else without permission and with the purpose of deceiving. Dkt. 96 at 17. MTC's allegations match that definition precisely. Dkt. 88 ¶¶ 21, 25–27. Thus, the Lewises' objection is OVERRULED.

### D. Intentional Interference with Business Relationships

The Lewises ask the court to dismiss MTC's intentional interference with business relationships claim because MTC fails to plead facts to support the elements of that claim and because MTC labels the claim as "intentional interference with economic advantage." Dkt. 96 at 18. Although the Lewises assert that mere mislabeling constitutes grounds for dismissal, they fail to cite any authority in support of that assertion. Courts only require MTC to state "'enough facts to state

8

a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 570). Thus, if MTC alleges enough facts to state a claim to relief for intentional interference with business relationships, the court agrees with the Magistrate Judge's re-characterization of MTC's claim.

To state a claim for intentional interference with business relationships, MTC must plead facts to support the following elements:

> (1) there was a reasonable probability that the parties would have entered into a contractual relationship; (2) the defendant committed an "independently tortious or unlawful act" that prevented the relationship from occurring; (3) the defendant committed the act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference—that is, that the defendant's actions prevented the relationship from occurring.

*Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 629 (S.D. Tex. 2011) (quoting *Faucette v. Chantos*, 322 S.W.3d 901, 913–14 (Tex. App.—Houston [14th Dist.] 2010, no pet.)).

MTC alleges that it has developed business relationships with the automotive community for thirty years. Dkt. 88 ¶ 71. MTC claims that its efforts to market goods and services have resulted in significant sales. *Id.* ¶ 16. Thus, MTC pleads facts indicating that there was a reasonable probability that the parties would have entered into a contractual relationship. *See id.* ¶¶ 16, 71. Further, MTC alleges that the Lewises committed independently tortious acts by "soliciting customers through unlawful means" and "misleading persons into believing that [the Lewises] were somehow affiliated with [MTC]." *Id.* ¶ 71. MTC alleges that the Lewises knew about its automotive-community relationships and acted intentionally to interfere with those relationships by misleading persons to believe that MTC affiliated with Professor Foam. *Id.* Finally, MTC claims

9

that it lost "clients, business, revenue, goodwill[,] and reputation" because of the Lewises' actions. *Id.* ¶ 73. Thus, MTC pleads facts to support the cause of action, and the objection is OVERRULED.

### E. Unfair Competition by Misappropriation

Finally, the Lewises argue that MTC's misappropriation claim should be dismissed because MTC fails to assert any elements of that claim. Dkt. 96 at 18–19. To state a claim for unfair competition by misappropriation, MTC must allege facts which show:

> (i) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff.

*Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004) (quoting *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied)).

MTC alleges that it "performed substantial marketing and promotion under its MTC trademarks." Dkt. 88 ¶ 14. MTC dedicated "substantial effort and financial resources" to the growth of its company. *Id.* ¶ 10. As a result, "goods and services offered in connection the MTC trademarks have benefitted and contributed to its high reputation for quality." *Id.* ¶ 16. Thus, MTC alleges that it created a product—namely, the association of the its trademarks with high quality goods and services—through extensive time, effort, and money.

MTC also alleges that the Lewises compete with MTC, and that they use MTC trademarks, UPC codes, images, and product descriptions to affiliate with MTC. *Id.* ¶ 33. As a result, the Lewises save the money and effort of creating their own brand and promotional activities. *Id.* Finally, MTC alleges that it suffered commercial damage through the loss of clients, business,

revenue, goodwill, and reputation. *Id.* ¶ 73. Thus, MTC pleads facts sufficient to state a claim for unfair competition by misappropriation, and the Lewises' objection is OVERRULED.

## IV. Conclusion

The Lewises' objections (Dkt. 96) are OVERRULED. The M&R (Dkt. 95) is hereby ADOPTED IN FULL. The Lewises' motion to dismiss (Dkt. 89) is GRANTED IN PART and DENIED IN PART. MTC's motion to strike (Dkt. 54) is DENIED. MTC's claims for trademark infringement under Texas Business and Commerce Code § 16.102, unjust enrichment, and negligent interference with contractual relations are DISMISSED.

Signed at Houston, Texas on November 1, 2017.

_____
Gray H. Miller
United States District Judge