```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION
```

MISSION TRADING COMPANY,           §
                                   §
    Plaintiff,                     §
                                   §
vs.                                §     CIVIL ACTION NO. H-16-3368
                                   §
SANDRA GALLAGHER LEWIS, et al.,    §
                                   §
    Defendants.                    §

## **MEMORANDUM, RECOMMENDATION AND ORDER**

Pending before the court are the following motions: Plaintiff's Motion to Strike Defendants' Counterclaim pursuant to Federal Rule of Civil Procedure 12(f) (Doc. 111); Defendants' Renewed Motion to Strike Initial Disclosures (Doc. 128); Defendants' Motion to Strike Plaintiff's Reply in Opposition to Motion to Dismiss First Amended Counterclaim (Doc. 130); Plaintiff's Motion to Dismiss Counterclaim (Doc. 133); Plaintiff's Motion for Reimbursement of Expert Fees (Doc. 136); Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 138); Defendants' Motion for Summary Judgment (Doc. 143); Plaintiff's Motion to Exclude Defendants' Rebuttal Experts (Doc. 142); and Plaintiff's Motion to Stay (Doc. 149).

Plaintiff is a manufacturer and wholesaler of aftermarket automotive parts. Plaintiff claims it possesses common law and federal trademarks to its Universal Product Code number and that Defendants used those trademarks in advertising and selling their products. Plaintiff sues for false advertising and designation of

origin, trademark infringement, unjust enrichment, negligent interference with contractual relations, intentional interference with prospective economic advantage and unfair competition.

On February 24, 2017, the court entered a scheduling order after discussions with counsel. Since that time, the parties have engaged in non-stop disputes over the adequacy of the pleadings, whether certain pleadings should be stricken, the timing of expert disclosures and other matters that are not directed at moving this case to trial. The court has had enough of this type of skirmishing and believes that this case needs a fresh start. It is therefore **ORDERED** that the following dates will control:

1. By **March 16, 2018**, Plaintiff shall file its final amended complaint. Even if Plaintiff simply refiles a prior version, the final amended complaint must be filed by this date. No further amendments will be permitted.

2. By **April 13, 2018**, Defendants will answer Plaintiff's final amended complaint and file their final amended counterclaim. No further amendments will be permitted.

3. By **April 30, 2018**, Plaintiff will file its answer to the final amended counterclaim. No further amendments will be permitted.

4. By **June 1, 2018**, each party bearing the burden of proof will serve/re-serve their expert designations upon the other party.

5. By **July 13, 2018**, each party will serve its rebuttal

expert designations upon the other party.

6. No written discovery may be served after **July 31, 2018.**

7. Discovery ends on **September 28, 2018**.

8. Dispositive motions filed pursuant to Federal Rule of Civil Procedure 56 must be filed by **October 11, 2018**. The court will **not** entertain any motion directed at the sufficiency of the pleadings, whether designated as a motion to dismiss, a motion to strike, or a motion for judgment on the pleadings. **The court will only consider one motion filed pursuant to Federal Rule of Civil Procedure 56.**

9. All non-dispositive motions must be filed by **October 11, 2018.**

10. The parties are cautioned that the court will scrutinize their disclosures when determining if a trial witness has been adequately disclosed to the opposing party. For example, it will **not** be sufficient to designate unnamed persons from Amazon.com as unretained experts and reserve the right to supplement their names at a later date. All experts, retained or non-retained, must be disclosed by the dates set above.

11. <u>All</u> fact witnesses must be disclosed by name, contact information and testimony topics thirty days before the close of discovery.

12. Each side will pay its expert any fee required by that expert to prepare for, and attend, his deposition.

13. Each counsel will refrain from disparaging the other.

14. The court is concerned that the disputes between counsel are clouding their judgments on the merits and monetary worth of their respective claims. The parties are **ORDERED** to mediate this case within the next 90 days. If the parties cannot agree on a mediator within the next two weeks, they will notify the court and the court will select one.

15. All pending non-dispositive motions are **DENIED without prejudice.** It is **RECOMMENDED** that all dispositive motions be **DENIED** at this time. Renewed motions, if necessary, may be filed in accordance with this order.

The Clerk shall send copies of this Memorandum, Recommendation and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 28th day of February, 2018.

4

_____
U.S. MAGISTRATE JUDGE