Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
**SCHLESINGER CONRAD LAW FIRM**
3936 E. Desert Cove Avenue, 1st Fl.
Phoenix, Arizona 85027
Tel: 602-812-3661
Fax: 480-522-3674
E-Mail: docket@schlesingerconrad.com

*Pro Hac Vice*
*Attorney for Defendants, Counterclaimants*
*And Third-Party Plaintiff's Sandra Gallagher*
*Lewis and David Vincent Lewis*

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MISSION TRADING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDRA GALLAGHER LEWIS, individually; DAVID VINCENT LEWIS, individually; DOES 1 – 10, inclusive, <br><br> Defendants. | CASE NO.: 4:16-CV-03368 <br><br> COUNTERCLAIMANTS' RESPONSE IN OPPOSITION TO SAMEER MISSON'S MOTION TO DISMISS PURSUANT FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6) <br><br> [Filed concurrently with: <br> - Declaration of David Lewis; <br> - (Proposed) Order]. <br><br> [Hon. Gray H. Miller; <br> Magistrate Nancy K Johnson] |
| SANDRA GALLAGHER LEWIS, individually; DAVID VINCENT LEWIS, individually; <br><br> Counterclaimants, <br><br> MISSION TRADING COMPANY, INC., a California corporation; SAMEER AND JANE/JOHN DOE MISSON, a married couple a married couple and fictitiously named spouse; DOES 1-100, inclusive; <br><br> Counterdefendants. | |

Counterclaimants Sandra and David Lewis oppose Sameer Misson's Motion to Dismiss Counterclaimants' First Amended Counterclaim (Dkt. 111) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6):



## I. INTODUCTION:

Misson makes much of the inadvertent failure to serve the original complaint on him. It was reasonable to presume, given that he is represented by the same counsel as Mission Trading Company, that he had also answered or would appear.[1] It is irrelevant at this point in the case, as this Court set new dates and granted leave to file amended complaints. Counterclaimants timely filed the Second Amended Counterclaim, and that fact has been acknowledged by Counterdefendants. Dkt. 182 (2:16-17).

Misson has engaged in overt contact with Texas, specifically related to the facts that give rise to the Counterclaims. First, Misson contacted David Lewis by e-mail, and sent a letter to him. He ordered goods from Lewis through Amazon, seeking delivery from Texas. Misson states that Mission Trading Company, his company (Dkt. Misson published defamatory comments including David and Sandra Lewis' home address in Texas. He then sued the Lewises in federal court, and filed numerous evidentiary declarations in this case, including declarations in this Southern District of Texas action. Misson attended the Mediation in Houston Texas before responding to the Counterclaim. Specific jurisdiction will be found; there is nothing unfair or surprising that Misson would have to answer for his wrongdoing in Texas.

The Counterclaim is not time-barred, as Misson has known about this action from at least October 2016. That is less than one year after the defamatory and other wrongful acts were performed by Misson. The action relates back, and there is no prejudice to Misson. He has been an active participant in this case, and is represented by the same counsel as Mission Trading Company. Indeed, the Counterclaim alleges an identity of interest that the continues to support. Mission Trading Company has yet to file an Initial

---

[1] In fact, counsel for Counterclaimants did believe, erroneously, that the original Answer to the Countercomplaint had been answered on behalf of Mission Trading Company and Misson. At about the time it became clear that he had not, counsel also saw Misson's continued and increasing involvement in the case. It was then determined that he was a critical party to this case. Indeed, had he been named for the first time in April 2018, the Complaint would still have related back. In fact, Misson has known about this case and participated in it at least since he filed a declaration opposing David Lewis' Motion to Dismiss or, in the alternative, chance venue. See Dkt. 50-1.



1  Disclosure pursuant to Rule 26, and has posited extremely evasive responses to *bona fide*
2  discovery.
3        The arguments under Rule 12(b)(6) are unavailing.  Counterdefendant Misson has
4  consistently and blatantly disregarded the facts alleged in the complaint and outlined in
5  the Opposition to Motion to Dismiss based upon Texas' Anti-SLAPP statute.
6  Respectfully, rather than reiterate all the same arguments, Counterclaimants incorporates
7  that Opposition by reference.  Suffice it to say that: (a) the posting on Youtube was
8  defamatory in that it specifically alleged that David and Sandra Lewis infringed on
9  trademarks.  The clear implication is that they did so contrary to law such that suit was
10 necessary.  In reality, neither Mission Trading Company nor Misson had or have any
11 trademark covering O-rings.  In particular, the Cease and Desist letter included a printout
12 of a Vollig trademark that was not owned by Counterdefendants at the time the Cease and
13 Desist letter was sent or when the Complaint was filed.  Declaration of David Lewis, ¶ 2
14 and 4, Ex. 1.
15       Further the Counterclaim states clearly and fully and adequately pleads that Misson
16 sent complaints to Amazon in an effort to have his selling privileges terminated by
17 Amazon.  Lewis Dec., ¶ 7; Dkt. 156 (*e.g.,* 30:1-4, 9-12); 31:1-12).

**II.  ARGUMENT.**

    **A.  Minimum Contacts are Shown by Misson's Interactions with Texas.**

        **1.  An Intentional Tort Aimed at Texas Creates Jurisdiction.**

21 Misson committed an intentional tort that was directed at Texas residents and
22 business people.  In the Fifth Circuit, "when a nonresident defendant commits a tort within
23 the state, or an act outside the state that causes tortious injury within the state, that tortious
24 conduct amounts to sufficient minimum contacts with the state by the defendant to
25 constitutionally permit courts within that state, including federal courts, to exercise
26 personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from
27 those offenses." *Guidry v. United States Tobacco Co*., 188 F.3d 619, 628 (5th Cir. 1999);
28 accord *Illustro Sys. Int'l, LLC v. IBM*, 2007 U.S. Dist. LEXIS 33324 (N.D. Texas, 2007).

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



In the case of *Illustro*, the court considered personal jurisdiction in connection with a copyright infringement action. The court held that the effects test from *Calder v. Jones,* 465 U.S. 783, 789-90, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) applied to a copyright infringement action where the defendant knew that the effect would be felt in the forum state. The court also considered if a there was jurisdiction over a sought damages caused by defendants' alleged use of certain software on computers owned and operated by defendant. The court found that were a plaintiff targets a defendant, knowing where defendant lives, exercise of jurisdiction in that location is consistent with Constitutional requirements.

In this case, Misson targeted Counterclaimants in Texas. He singled Counterclaimants out from many "Other Sellers" on Amazon, likely because Professor Foam was selling products at the lowest price. Misson ordered goods from Counterdefendants, knowing that they were in Texas. Misson sent various e-mails to Counterdefendants, and posted their Texas address on Youtube. Lewis Dec., ¶ 3, Ex. 2. The original complaint in this case set forth David and Sandra Lewis' home address in Texas, and specifically set their home address out in the Complaint. Dkt. 2.

In addition to targeting Counterclaimants in Texas, Misson has filed numerous declarations in this action, with several of them in this Court siting in Texas. (*see, e.g.,* Dkt. 70, 74, 167). Although he was not compelled to do so, Misson also attended the mediation in Houston, Texas. Dkt. 170. Misson purposefully directed actions toward the Texas Counterdefendants. These acts demonstrate that defending this action in Texas is not surprising, and certainly not burdensome or unreasonable.

### B. The Counterclaim Relates Back Due to Misson's Knowledge and Involvement with this Action.

Misson errs when he asserts that this action is barred by the statute of limitations. It is well-established an amended complaint – even one bringing in a new party - - will relate back to the original complaint where the basic claim arises out of the conduct set forth in the original proceeding, and the party had such notice that it will not be prejudiced in maintaining its defense. A further requirement that the party timely notice of the



1 action. As stated in *Cram Roofing Co. v. Parker*, 131 S.W.3d 84, 89 (Tex. App. 2003), Texas has developed a "two-pronged test exists to determine whether an amended pleading relates back to an earlier pleading." *Id.* (citing *Leonard v. Texaco*, 422 S.W.2d 160, 163, 10 Tex. Sup. Ct. J. 462 (Tex. 1967). The amended pleading will relate back to the if (1) the first pleading was timely filed, and (2) the amended pleading which alleges the grounds of liability or defense must not be wholly based on a new, different, or distinct transaction or occurrence. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.068; *Cooke v. Maxam Tool & Supply, Inc*., 854 S.W.2d 136, 141 (Tex. App.--Houston [14th Dist.] 1993, writ denied). Thus, even if the amended petition contains new causes of action, "the new causes [of action] are not barred by the statute of limitations unless they arise from a wholly different transaction." *Stevenson v. Koutzarov*, 795 S.W.2d 313, 319 (Tex. App.--Houston [1st Dist.] 1990, writ denied).

In this case, the causes of action were timely alleged. The defamation and intentional interference with prospective economic advantage occurred in March 2016. The initial Counterclaim was filed in October 2016. Dkt. 49. Both causes of action were alleged in that original counterclaim. *Id.* Misson knew of the Counterclaim and even filed a declaration in opposition to the motion to dismiss of change venue. Dkt. 50-1 (filed 10/14/16).

Misson clearly knew of the action, and the facts alleged and causes of action have not changed and arise out of the same acts. *Cf.* Dkt. 49; Dkt. 156. Misson has been active in this case, and shares the same counsel with his company, Mission Trading Company. The Second Amended Counterclaim relates back to the original and should not be dismissed. This Court has jurisdiction over Misson as an intentional tortfeasor with specific contacts with Texas related to the causes of action.

C. **The Counterclaim Fully States Causes of Action Against Misson.**

Misson's argument that the Second Amended Counterclaim fails to state a cause of action is frivolous. The facts for each cause of action are stated and supported with facts. For example, Misson is alleged to have bolstered the claims by Mission Trading Company



including through his Linkedin.com® page, stating that "*We* are one of the nations [sic] largest OEM and aftermarket parts accessories manufacturers". Dkt. 156 (19:26-20:2). It further alleges and incorporates exhibits stating that Amazon and not Counterclaim controls the listings. *Id.* at 20:12-15. It states that Misson has used specious claims of manufacturing to bolster its image and damage competitors. Dkt. 156 (25:1-3). The Counterclaim states that Misson made the comments on Youtube. Dkt. 26:8-10. It states the precise comment left by Misson, though redacted to omit Counterclaimants' home address. *Id.* at 11-24. It states how many times, at a minimum, the comments were viewed. *Id.* (26:27-28). It states that Misson comments are false because there was no registered trademark owned by Mission Trading Company applicable to any product sold by Counterclaimants. Dkt. 156 (27:4-6). It states that Misson was adopting the HHC video comments. *Id.* (27-7-11). The Counterclaim states that Counterdefendants contacted Amazon directly and alleged that Professor Foam's goods were "counterfeit." The defamation cause of action includes every element and the specifics of the defamation have been clearly set forth. *Id.* (30:22-31:19).

The Counterclaim sets forth ample factual basis for the claims against Misson to push the claims from the merely possible to the plausible. Indeed, Misson does not deny that he posted the comments or the content of them. He simply has failed to address the allegations regarding his contact with Amazon. *But see* Lewis Dec., ¶ 7, Ex. 3 (e-mail responding to Amazon re complaint re exactly the same Amazon Standard Identification Numbers sold by both Professor Foam and Mission Trading Company). The Counterclaim states that business fell off after the complaint by Counterdefendants. Dkt. 156 (28:17-19; 28:20-24). It also states that Misson encouraged third parties to interfere with its relationship with Amazon. *Id.* (28:25, *et seq.*). Counterdefendants have caused Amazon to suspend selling privileges for Professor Foam, to Counterclaimants' detriment. *Id.* (29:1-3). These are specific allegations that want only disclosure from Counterdefendants to prove up.[2]

---

[2] To date, Mission Trading Company has not provided disclosures pursuant to Rule 26, and has



The allegations demonstrate false assertions, stated as fact, that disparage the honesty and trustworthiness of David and Sandra Lewis. Infringement of trademark, particularly when alleged to be knowing infringement, is tantamount to theft of intellectual property. The comments by Misson state that he had informed Counterclaimants of his assertion that the sales on Amazon were wrongful, but the Lewis persisted. That rises to the level of impugning the character and honesty of the Lewises. It is defamation *per se.* In any event, the Lewises cannot be required to show damages at this state of the case. They were adequately pleaded. That is enough.

## III. CONCLUSION.

Misson's claims are nothing but smoke and mirrors. The statements were defamation *per se* because they go to the honesty of Professor Foam and the Lewis counterclaimants. They were posted publicly on Youtube where people interested in O-rings would stand a high chance of finding them, as any search for "Professor Foam" returned the video and comment was one of the top Google search results. Misson embraced the comments in the video, and undoubtedly furthered the search engine results, moving the video and comment up in the returns. In addition, Misson published false statements to Amazon, and to third parties. Misson does not even attempt to address these allegations.

This federal court is urged to consider the analysis and conflicts with federal law. The cases demonstrate that the TCPA should not be applied where it collides with federal civil procedure. Recent district court cases from the Fifth Circuit support that conclusion where they engage in any significant analysis.

To the degree that this Court would be inclined to apply this state procedural statute, Counterclaimants request that any ruling be stayed and discovery be permitted specifically to obtain "clear and specific evidence" to defeat this motion.

But even without that, the acts alleged against Misson are clearly between competitors. Misson repeatedly refers to Mission Trading Company has "his company"

---

provided extremely evasive responses to discovery.



and the post references "our trademarks". The case is by a competitor and TCPA's exemption at 27.010 applies.

There is no basis for a claim by Counterdefendant for attorney's fees or costs. Moreover, Counterdefendants are well-aware of the business exemption, as it has been briefed twice before. The same arguments were made in the Northern District of California and previously (Dkt. 137) in this Court. To the degree that fees and costs are awarded, they should be awarded to Counterclaimants as Counterdefendant's motion is frivolous.

## IV. CONCLUSION.

Misson has filed serial motions that fail. This motion asserts contrary to law that the Second Amended Counterclaim is time-barred. It is not. This amended complaint tracks precisely the allegations against Misson that were asserted in the original counterclaim filed in October 2016 following defamation and interference with business relations by Misson in March 2016. These are intentional torts that Misson aimed at Texas residents. Misson is represented by the same counsel as Mission Trading Company. Misson had knowledge of the claims and even filed a declaration in this action in April 2016. The claims relate back such that this action should not be dismissed.

Misson's other assertion is that the Counterclaim fails to adequately plead a cause of action. The Counterclaim meets the pleading standard of Rule 8, and further provides sufficient facts to meet push the claims to the realm of plausibility. No more is required. This Court, respectfully, should deny each of Misson's motions. He should file an answer to the complaint.

Respectfully submitted,

Dated: July 13, 2018

SCHLESINGER CONRAD LAW FIRM

BY: Kira A. Schlesinger
Attorneys for Defendants, Counterclaimants and Third-Party Plaintiffs David and Sandra Lewis



1. E-Filed, and served, via ECF on July 13, 2018, as follows:

2. Sunita Kapoor, Esq.
3. Law Offices of Sunita Kapoor
4115 Blackhawk Plaza Circle, Suite 100
4. Danville CA, 94506
E-Mail: Sunita Kapoor skapoorlaw@gmail.com
5.
6. *Attorney for Plaintiff/Counterdefendants*
*Mission Trading Company, Inc. and Sameer Misson*
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

